SHUXIANG SUI, Petitioner,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72579.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 26, 2016.

Anders Laird Johnson, Trial, San Francisco, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Gerald Alexander, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM [**]

Shuxiang Sui, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding Sui's baptism in the United States, her connection to a fellow Chinese national in the United States, and her level of involvement in falsifying her nonimmigrant visa application in 2007. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Sui's explanations for these contradictions do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Sui's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Sui's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Sui would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).